UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re: SEAN C. MCCRACKEN AND
BRENDA E. RUE-MCCRACKEN,

14-11491-j7

Debtors.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Debtors' Emergency Motion for Sanctions (Doc. 41 – the "Sanctions Motion"). Debtors ask the Court to impose sanctions against counsel for Noble Enterprises, LLC, Joseph Cervantes (hereafter, "Mr. Cervantes"). No response was required or filed. The Court held an evidentiary hearing on May 19, 2025, on both the Sanctions Motion and Debtors' Motion to Avoid Lien with Noble Enterprises (Doc. 32 – the "Motion to Avoid Lien"). The Court ruled on the Motion to Avoid Lien and took the Sanctions Motion under advisement. The Court issued an order granting the Motion to Avoid Lien on May 29, 2025 (Doc. 52).

The Court will impose sanctions for the reasons set forth below.

## PROCEDURAL BACKGROUND

In the Sanctions Motion, the Debtors ask the Court to impose sanctions agaisnt Mr. Cervantes in the amount of $8,750 pursuant to Bankrputcy Rule 9011(b)(1) and (2), consisting of $5,000.00 to reimburse the Debtors for unnecessary mortgage payments and $2,750.00 to reimburse the Debtors for their attorney fees and costs.

The Court held a preliminary hearing on the Motion to Avoid Lien on February 24, 2025. Mr. Cervantes's assistant called the Court shortly before the hearing began to inform the Court that Mr. Cervantes was called into a legislative committee meeting and was not able to appear, but that if the Court could wait a half hour or so, Mr. Cervantes might be able to attend. The Court

held the hearing as scheduled but made no ruling that would prejudice Noble as a result of its cournsel's nonappearance. The Court set a final hearing on the Motion to Avoid Lien on April 16, 2025, to give the parties time to resolve the Motion. On April 7, 2025, the Court rescheduled the final hearing on the Motion to Avoid Lien to May 19, 2025.

Debtors filed the Sanctions Motion on April 23, 2025. No written response was filed or required. The Court held the final hearing on the Motion to Avoid Lien and the Sanctions Motion on May 19, 2025. Debtors' Exhibits A-K were admitted without objection. Debtor, Sean McCracken, was the only witness called to testify. During the portion of the hearing addressing the Sanctions Motion, the parties stipulated that factual statements made by Mr. Cervantes and by Debtors' counsel at the hearing constitued admissible testimony, with the exception of Debtors' counsel's representations regarding Debtors' mortgage payments made in March and April, 2025. The Court heard oral arguments on the motions, heard other testimony, ruled on the Motion to Avoid Lien, and took the Sanctions Motion under advisement. On May 29, 2025, the Court issued an order resulting from the May 19, 2025, final hearing granting the Motion to Avoid Lien.

## FINDINGS[1]

Debtors listed their residence for sale. Debtors filed the Motion to Avoid Lien to avoid a judgment lien against the residence. Debtors could not sell the residence free of the judgment lien without either paying Noble the lien amount, avoiding the lien under 11 U.S.C. § 522(f),[2] or after entry of an order stripping the lien from the residence and attaching the lien to sale proceeds to the same extent and with the same validity as the lien had attached to the residence and subject to the

---

[1] Some of the Court's findings may be in the discussion section of the opinion. Those findings are incorporated in the finding section by this reference.

[2] Unless otherwise indicated all statutory references are to Title 11 of the United States Code, 11 U.S.C. § 101 et seq., known as the United States Bankruptcy Code ("Code").

same avoidance rights (if any). Orders of that type entered upon the stipulation of the parties are not uncommon in bankruptcy cases to allow a debtor or bankruptcy trustee to sell an asset free of a disputed lien while protecting the rights of the lienholder.

On February 11, 2025, Noble filed a response to the Motion to Avoid Lien. In the response, Noble demanded evidence of the facts alleged in the Motion and strict proof that the lien impairs Debtors' homestead exemption, as alleged. On February 12, 2025, the day after the Noble filed its response, Debtors' counsel, via email, transmitted information to Mr. Cervantes in support of the Motion. The nature or quality of that information is not in evidence.

On February 28, 2025, Debtors' counsel transmitted a proposed stipulated order to Mr. Cervantes by email that would allow Debtors to close on the sale of their residence, with the lien to attach to the sale proceeds, and provide that Mr. Cervantes would hold funds in the amount of Noble's lien until the Court resolved the Motion to Avoid Lien so Noble would be paid the amount of its lien if the Motion to Avoid Lien were denied.[3] That order adequately protected Noble in being paid in full in the event the Motion to Avoid Judicial lien were denied. The email concluded with, "Time is of the essence so please let me hear from you soon so I can ask the Court to expedite entry of the order."

On March 4, 2025. Debtors' counsel sent an email to Mr. Cervantes complaining about not having received a response to his February 28, 2025, email asking for feedback about the proposed order. Three weeks later, on March 25, 2025, after having received no response, Debtors' counsel sent an email to Mr. Cervantes advising him that the Debtors had extended the sale date [of their residence] several times and were concerned they might lose the current purchaser. Debtors'

---

[3] The terms of the proposed stipulated order are materially the same as the terms in the order issued by the Court on April 28, 2025.

- 3 -

counsel again asked for a response to the proposed order allowing the sale to close while protecting Noble's lien rights. Mr. Cervantes, who is a New Mexico State Senator, responded with an email sent about 6 minutes later explaining that he was just back from the legislative session and would, in the following week, meet with his client to review the status and the proposal and respond. Counsel for the Debtors followed up with an email to Mr. Cervantes about 20 minutes later, complaining that he had not heard from Mr. Cervantes for over a month and attaching a "proposed" motion for sanctions." The email stated that the motion for sanctions would be filed after 21 days if the response to the Motion to Avoid Lien was not withdrawn or otherwise resolved.

Despite Mr. Cervantes' representation that he would meet this he client during the first week of April 2025 and respond to the proposed order, he made no response until after the Motion for Sanctions was filed on April 23, 2025. On April 23, 2025, after he had received no further communication from Mr. Cervantes since March 25, 2025, Debtors' counsel sent two emails to Mr. Cervantes. In the first email, Debtors' counsel complained that he had received no further communication from Mr. Cervantes since March 25, 2025, and stated that motion for sanctions would be filed and that an emergency hearing would be requested. In the second email, Debtors' counsel advised that the motion for sanctions had been filed and that an emergency hearing had been requested.

Two days later, on April 25, 2025, the Court issued an order, on the parties' stipulation, superseded by an order issued April 28, 2025, that stripped Noble's judicial lien on Debtors' residence to enable Debtors to sell the residence, and attached a new judicial lien against the proceeds of the sale with the same validity and extent, and subject to the same defenses, as the judicial lien that was stripped from the residence. The April 28, 2025, order provided for a portion of the proceeds of the sale, sufficient to satisfy Noble's judicial lien in full, to be deposited in Mr.

Cervantes's trust account until further order of the Court after a ruling on the Motion to Avoid Lien.

Mr. Cervantes typically issues a notice of unavailability for legislative sessions while the state legislature is in session; however, no such notice was filed on the docket in this case and there is no evidence Debtors' counsel was notified of such unavailability until after the March 2025 legislative session ended. While Mr. Cervantes is not a bankruptcy attorney, he was the original attorney representing Noble in obtaining its lien and it was reasonable for Noble to expect him to continue with its representation despite his legislative commitments.

Noble's response to the Motion to Avoid Lien was filed in good faith, and the demand for proof that Debtors were entitled to the relief they sought was justifiable. But Mr. Cervantes' failure to respond to the proposed stipulated order, which caused Debtors to delay the sale of their residence several times, caused Debtors distress in the possible loss of the sale, and caused extra work by Debtors' counsel, was not justifiable.

## DISCUSSION

*Sanctions are not available under Rule 9011.*

Debtors seek sanctions under Fed.R.Bankr.P. 9011.[4] Under Rule 9011, sanctions may be considered if a document is filed with the Court and a party later advocates denials of factual

---

[4] Rule 9011. Signing Documents; Representations to the Court; Sanctions; Verifying and Providing Copies
…
  **(b) Representations to the Court.** By presenting to the court a petition, pleading, written motion, or other document--whether by signing, filing, submitting, or later advocating it-- an attorney or unrepresented party certifies that, to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances:
     (1) it is not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase litigation costs;

- 5 -

Case 14-11491-j7    Doc 53    Filed 09/10/25    Entered 09/10/25 13:55:57 Page 5 of 9

contentions in the document, that are not "warranted on the evidence--or if specifically so identified, are [not] reasonably based on a lack of information or belief."[5] Unless special facts exist, the basis for sanctions under Rule 9011 is constrained by a strict reading of Rule 9011.[6,] Sanctions are only warranted if specific conduct violates Fed. R. Bankr. P 9011(b).[7]

To impose sanctions under Rule 9011 in this case, the Court would have to find that Noble's defense of the Motion to Avoid Lien by putting Debtors to their burden of proof was not warranted. The evidence does not support such a finding. Sanctions under Rule 9011 are not appropriate.

*Sanctions will be imposed under the Court's inherent authority.*

Although Debtors requested sanctions under Rule 9011, the Court will, *sua sponte*, consider sanctions under its inherent authority. "Section § 105 provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.
>
> 11 U.S.C.A. § 105(a) (West).

---

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument to extend, modify, or reverse existing law, or to establish new law;
(3) the allegations and factual contentions have evidentiary support--or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence--or if specifically so identified, are reasonably based on a lack of information or belief.
…
[5] Fed. R. Bankr. P. 9011(b).
[6] *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d 1084, 1089 (10th Cir. 1994)
[7] *See e.g. In re Thomas*, 397 B.R. 545, *3 (B.A.P. 10th Cir. 2008), aff'd, 348 F. App'x 413 (10th Cir. 2009).

In *Chambers v. NASCO, Inc.*, the Supreme Court recognized the inherent power of a federal district court to sanction conduct abusive of the judicial process."[8] In *In re Courtesy Inns, Ltd., Inc.*, the Tenth Circuit held "that § 105 [is] intended to imbue the bankruptcy courts with the inherent power recognized by the Supreme Court in *Chambers*."[9]

Although Mr. Cervantes eventually stipulated to the April 25, 2025, order that allowed the sale of the Debtors' residence to proceed, he did not do so until after causing considerable unnecessary and potentially prejudicial delay, and unnecessary expense and anxiety on the part of the Debtors. Mr. Cervantes failed to respond to the February 28, 2025, proposed stipulated order over a period of about a month while the State Legislature was in session without telling Debtors' counsel of the reason for the delay. After the legislative session ended, he failed to respond to Debtors' counsel the next week as he said he would do in his March 25, 2025, email, despite being advised of the urgency of the matter to the Debtors' sale of her residence and that a motion for sanctions would be filed if he did not respond. Mr. Cervantes responded to the proposed stipulated order only after the Sanction Motion was filed on April 23, 2025.

The failure to respond caused extra work for Debtors' counsel, delayed the closing on the Debtors' residence, caused distress to the Debtors about the possible loss of the sale, and unnecessarily consumed judicial resources. Although Noble's response to the Motion to Avoid Lien was filed in good faith, Mr. Cervantes significant delay in responding to Debtors' counsel about the proposed stipulated order forced Debtors' to repeatedly reschedule the closing on their residence and caused Debtors' counsel to take steps that should not have been necessary and

---

[8] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).
[9] *In re Courtesy Inns, Ltd., Inc.*, 40 F.3d at 1089.

without any benefit to his client. That conduct was abusive of the judicial process and was unprofessional.

The Court concludes that sanctions are appropriate.

*Appropriate Sanctions*

"In invoking the inherent power to punish conduct which abuses the judicial process, a court must exercise discretion in fashioning an appropriate sanction…."[10] The Court will not impose a monetary sanction of $8,750 as Debtors requested. The Court will impose a monetary sanction of $750 and admonishes Mr. Cervantes to act more professionally. The Court considers a modest sanction of $750 and the admonishment and the findings by the Court as a sufficient deterrent to similar conduct in the future in the absence of any evidence of similar conduct in the past. The Court will enter an order consistent with this ruling.

                                                                                                                               Hon. ROBERT H. JACOBVITZ
                                                                                                                                United States Bankruptcy Judge

Date Entered on Docket: September 10, 2025

COPY TO:

Trey R. Arvizu, III
Counsel for Debtors
715 E Idaho Ave
Ste. 3F
Las Cruces, NM 88001

---

[10] *Chambers v. NASCO, Inc.*, 501 U.S. at 33.

Joseph Cervantes
Counsel for Noble Enterprises
901 E. University Avenue, Suite 965L
Las Cruces, NM 88001